[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11141
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 30, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-00162-CG-N-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERNARD MCGEE,
a.k.a. Pete Smith,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(August 30, 2011)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Bernard McGee, a.k.a. Pete Smith, appeals his conviction for production and possession of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2252A(a)(5)(B). The sole issue on appeal is whether the district court erred in admitting McGee's prior conviction as a self-authenticated document. After thorough review, we affirm.

We review a district court's evidentiary ruling for abuse of discretion. United States v. Smith, 459 F.3d 1276, 1295 (11th Cir. 2006). "An abuse of discretion arises when the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or improper application of law to fact." United States v. Baker, 432 F.3d 1189, 1202 (11th Cir. 2005). We review preserved evidentiary objections for harmless error. United States v. Hands, 184 F.3d 1322, 1329 (11th Cir. 1999). Reversible error occurs only when the evidentiary ruling is not harmless, meaning that there is a reasonable likelihood that the error affected the defendant's substantial rights. Id. We determine whether error was harmless "by weighing the record as a whole . . . examining the facts, the trial context of the error, and the prejudice created thereby as juxtaposed against the strength of the evidence of [the] defendant's guilt." Id. (citation and quotation omitted).

Federal Rule of Evidence 902(4) states that extrinsic evidence of authenticity is not required with respect to "[a] copy of an official record or report or entry therein,

2

or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office . . . certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2) or (3) of this rule." Fed.R.Evid. 902(4). Rule 902(1) states that extrinsic evidence of authenticity is not required for a document bearing a seal of any state, "or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution." Fed.R.Evid. 902(1). We have held that to satisfy the requirements of Rule 902(4), a certification need only identify the legal custodian's position of authority, and that the copy is true and correct. United States v. Stone, 604 F.2d 922, 925 (5th Cir. 1979).[1]

The Alabama Board of Corrections is required by law upon receipt of a convict into a penitentiary to record, among other things, a convict's name, date of birth, the county in which he was convicted, the nature of the crime, and the period of imprisonment. Ala. Code § 14-3-35 (1975). All this information must be entered into a permanent record. Id.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981.

Here, the Conviction Report states that "Peter McGhee," with the same date of birth as appellant McGee, was arrested for child molestation, and plead guilty.[2] The record is certified and signed by the clerk of court. This appears to be a copy of an official record authorized by Alabama law to be recorded by the Board of Corrections, and as such is an official record. Additionally, the copy of the record was certified by its legal custodian in a notarized letter, which explained that she was the legal custodian of the record, what her official position was, and that the copy was a true and correct copy of the original. The letter was under the seal of the State of Alabama, signed by the custodian, and notarized. This comports with the requirements of Rule 902(4) and 902(1). Also, under Stone, the certification identified the legal custodian, the custodian's official position, and that the copy is true and correct. As a result, the conviction was properly admitted as a self-authenticating public record.

But even if the district court had erred in admitting this evidence, that error would be harmless. There was a great deal of evidence demonstrating McGee's guilt aside from his prior conviction. The prior conviction, taken in the trial context, was but a minor component of the government's case, while the testimony of a detective

---

[2] Notably, McGee does not take issue with the fact that the conviction report bore another name, and in fact, admits in his brief that the prior conviction was his. See Blue Br. at 11.

4

and a victim, together with the photographs contained in the trial exhibits, were the linchpins of the government's case. While there may be serious prejudicial effect in the admission of a prior conviction for child molestation, when weighed against the great weight of the evidence indicating McGee's guilt, and in light of the minimal use of the prior conviction at trial, that error, if any, was harmless.

**AFFIRMED.**